# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| COURTNEY SCOTT FONTES,<br>*Plaintiff* | :<br>:<br>: |
| v. | : C.A. No.: 1:20-cv-00151-WES-LDA |
| MARIO LOPEZ, CORY CLOUD, NUNO FIGUERIDO, JEFFREY ACETO, WALTER DUFFY, AND LIEUTENANT ATELLA, in their official and individual capacities<br>*Defendants.* | :<br>:<br>:<br>:<br>:<br>:<br>: |

## STATE DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO ENLARGE TIME AND TO APPOINT COUNSEL

NOW COME, the Defendants, Mario Lopez, Cory Cloud, Nuno Figueiredo, Jeffrey Aceto, Walter Duffy, and Lieutenant Atella ("State Defendants"), all in their official and individual capacities, and hereby respond and object to the Plaintiff, Courtney Scott Fontes' Motion to Enlarge Time and to Appoint Counsel.

The Plaintiff's Motion to Enlarge Time states that "I need help on an exten[s]ion of my case, due to the COVID-19 pandemic[…I] do not have personal access to the Law Library and all Legal Request[s] are done by mail, due to me not knowing to[o] much about the civil legal system…". *See* ECF No. 13, p. 1. The Plaintiff further states that "[I] don't know what to correctly ask for and [I] am afraid that [I] will miss a deadline due to the wait time of when Legal Request[s] are done." *Id.* It appears the Plaintiff is asking this Honorable Court for a general extension of time on the entirety of his case, but not for a specific reason or motion. It is unclear specifically what he seeks an extension on, and is therefore impractical to ascertain.

It is well-settled in the First Circuit that "pro se status does not insulate a party from complying with procedural and substantive law." *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997). Thus, while the Plaintiff may be concerned about missing a deadline due to the wait time of when a request is made to the law library, it is not incumbent upon this Honorable Court to litigate the Plaintiff's case for him. Moreover, Rule 6 of the Federal Rules of Civil Procedure provides that in asking for an enlargement of time, the Plaintiff must demonstrate "good cause" in order for the motion to be granted. *See* Fed. R. Civ. P. 6(b)(1). In this case, the Plaintiff has not demonstrated good cause as to why he is entitled to an "extension" on his case other than that he is not familiar with the "civil legal system." *See* ECF No. 13, p. 1. Such a stated reason is not sufficient to grant him an enlargement of time.

As it pertains to his Motion to Appoint Counsel, Plaintiff's case involves a host of civil claims filed under 42 U.S.C. § 1983 based on the Plaintiff having been allegedly subjected to gender discrimination, sexual harassment, and retaliatory behavior during his incarceration at the ACI. *See* ECF No. 1; 1-1. As an inmate, Plaintiff has the right to access the courts, but that does not "require the provision of counsel in civil cases." *Boivin v. Black*, 225 F.3d 36, 41 (1st Cir. 2000). The First Circuit has held that in civil cases brought by inmates, the right of access to courts guarantees neither the appointment of counsel, nor the ability to litigate with maximum effectiveness. *Id.* at 42; *see also Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 26-27 (1981). Rather, the right of meaningful access to the courts is the right to the resources and minimal assistance needed to demonstrate a legal claim. *Carter*

*v. Fair*, 786 F.2d 433, 435 (1st Cir. 1986). Moreover, it is a bedrock principle that "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *see also Maroni v. Pemi-Baker Reg'l Sch. Dist.*, 346 F.3d 247, 257 (1st Cir. 2003); *King v. Greenblatt*, 149 F.3d 9, 14 (1st Cir. 1998) ("This being a civil case, there is no constitutional right to counsel…") (internal citation omitted).

In order to demonstrate that the appointment of counsel is necessary, the Plaintiff must demonstrate that he is indigent and that exceptional circumstances are present, such that a denial of counsel is likely to result in fundamental unfairness impinging on his due process rights. *DesRosiers*, 949 F.2d at 23. This determination is made based on the totality of the situation, including the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself. *Id.* at 24 (*citing Cookish v. Cunningham*, 787 F.2d 1, 2-3 (1st Cir. 1986)). Here, Plaintiff has made no showing that exceptional circumstances exist or that he is unable to represent himself. To the contrary, Plaintiff filed a full complaint in this matter without the assistance of counsel, a package totaling forty-seven (47) pages in length. *See* ECF Nos. 1; 1-1. He has not provided any particular reason why his case presents an exceptional circumstance that warrants appointment of counsel, particularly at this preliminary stage of the proceedings when a Motion to Dismiss is pending. Moreover, the Plaintiff demonstrates an understanding of some federal law by indicating that he filed a Complaint against certain of the State Defendants under the Prison Rape Elimination Act ("PREA"), and also alleges he has a claim for

retaliation under the First Amendment based upon certain conduct directed towards him personally as a result of the filing of those PREA Complaints. This runs contrary to the Plaintiff's assertion that "I am unable to Represent and Defend myself against the Defendants in this case […] the help I was receiving has come to an end." *See* ECF No. 13, p. 2. Notably, the Plaintiff does not define specifically what help he was receiving. Finally, the Plaintiff asserts that "I have no personal connection with the Law Library due to COVID-19[,] everything is done by mail and [I] don't know what to ask for or cite." *Id.* Despite this assertion, as noted, the First Circuit has held that in civil cases brought by inmates, the right of access to the courts does not guarantee the ability to litigate with maximum effectiveness. *Boivin*, 225 F.3d at 42; *Lassiter*, 452 U.S. 18, 26-27 (1981). Therefore, while access to a law library is sufficient to fulfill an inmate's narrowly-construed right to have right of meaningful access to the courts, an inmate does not possess a fundamental right to such access. *Lewis v. Casey*, 518 U.S. 343, at 351-352 (1996). Accordingly, the Plaintiff has not sufficiently demonstrated his need for the appointment of counsel, and does not articulate how the ACI's facilities are inadequate to hinder his legal claim.

The U.S. District Court for the District of Rhode Island has denied motions for appointment of counsel in similar circumstances. *Vangel v. Aul*, No. CA 45-CV-043-M-PAS, 2015 WL 710811, at *2 (D.R.I. Feb. 18, 2015) (plaintiff's motion was denied because he "has shown a basic understanding of court procedures and the ability to express himself in writing"); *see also Forbes v. Wall*, No. CA 14-322-ML, 2014 WL 4997289, at *6 (D.R.I. Oct. 7, 2014); *Mejia v. Charette*, No. 12-CV-449-JD, 2014 WL

29522, at *1-2 (D.R.I. Jan. 3, 2014); *Osei v. Wall*, No. CA 12-717-S, 2013 WL 3927803, at *2-3 (D.R.I. July 29, 2013); *Leverett-Mullen v. Nicholson*, No CA 06-483- T, 2006 WL 3538963, at *1 (D.R.I. Dec. 7, 2006).

WHEREFORE, the State Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion to Appoint Counsel.

Respectfully Submitted,
DEFENDANTS,

MARIO LOPEZ, CORY CLOUD, NUNO FIGUERIDO, JEFFREY ACETO, WALTER DUFFY, AND LIEUTENANT ATELLA, in their official and individual capacities,

BY:

**PETER F. NERONHA**
**ATTORNEY GENERAL**

*/s/ Alexander D. Schultheis*
Alexander D. Schultheis (#9534)
Special Assistant Attorney General
Michael W. Field (#5809)
Assistant Attorney General
Office of RI Attorney General
150 South Main Street
Providence, RI 02903
Tel: (401)-274-4400 ext. 2021 | 2380
Fax: (401) 222-2995 | (401) 222-3016
aschultheis@riag.ri.gov
mfield@riag.ri.gov

**LOCAL RULE 7(c) CERTIFICATION**
Pursuant to Local Rule 7(c) of the United States District Court for the District of Rhode Island, the State Defendants do not request oral argument on this motion.

*/s/ Alexander D. Schultheis*

**CERTIFICATE OF SERVICE**

 I, the undersigned, hereby certify that I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I have also caused a copy to be sent via first-class mail, postage prepaid, to the following parties of record, who are self-represented, on this 11th day of August, 2020:

Courtney Scott Fontes, Pro Se
#138328
Maximum Security
P.O. Box 8273
Cranston, RI 02920

                 */s/ Alexander D. Schultheis*