**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **COURTNEY SCOTT FONTES**, *pro se*,<br>*Plaintiff*<br><br>v.<br><br>**MARIO LOPEZ**, in his official capacity; **ET AL.**,<br>*Defendants* | <br><br>**C.A. No. 1:20-cv-00151-WES-LDA**<br><br><br>**JURY TRIAL DEMANDED** |

**ANSWER OF STATE DEFENDANT CAPTAIN WALTER DUFFY**

**NOW COMES** Defendant Captain Walter Duffy in his official capacity only ("State Defendant" or "Cpt. Duffy" or the "State")[1] and hereby answers the Complaint of Plaintiff Courtney Scott Fontes ("Plaintiff" or "Fontes") as follows:

1. The allegations in paragraph I(A) are ADMITTED to the extent that Plaintiff Fontes is a party in the above-captioned civil action. To the extent that this paragraph contains any additional allegations, they are DENIED.
2. The allegations in paragraph I(B) are ADMITTED to the extent that Cpt. Duffy in his official capacity is a party in the above-captioned civil action. The allegations in paragraph I(B) are further ADMITTED to the extent that all claims against Defendants Lopez, Cloud, Figueiredo, Aceto, and Atella were dismissed by the Court's July 28, 2021, Memorandum and Order (ECF 22). To the extent that this paragraph contains any additional allegations, they are DENIED.
3. The allegations in paragraph II(A) are DENIED.
4. The allegations in paragraph II(B) are DENIED.
5. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph II(C), and on that basis the allegations are DENIED.
6. The allegations in paragraph II(D) are DENIED.
7. The allegations in paragraph III are ADMITTED to the extent that Fontes is a convicted and sentenced state prisoner. To the extent that this paragraph contains any additional allegations, they are DENIED.
8. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph IV(A), and on that basis the allegations are DENIED.
9. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph IV(B), and on that basis the allegations are DENIED.
10. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph IV(C), and on that basis the allegations are DENIED.

---

[1] In accordance with the Court's July 28, 2021, Memorandum and Order (ECF 22), all claims have been dismissed as to Defendants Lopez, Cloud, Figueiredo, Aceto, and Atella. See ECF 22 at 8, 12-13.

11. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph IV(D), and on that basis the allegations are DENIED.
12. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph V, and on that basis the allegations are DENIED.
13. The allegations in paragraph VI are DENIED.
14. The allegations in paragraph VII(A) are ADMITTED to the extent that Fontes is a convicted and sentenced state prisoner and serving a 7-year sentence for first degree robbery. To the extent that this paragraph contains any additional allegations, they are DENIED.
15. The allegations in paragraph VII(B) are ADMITTED to the extent that the Rhode Island Department of Corrections has an inmate grievance process and policies and procedures concerning the Prison Rape Elimination Act (PREA). To the extent that this paragraph contains any additional allegations, they are DENIED.
16. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(C), and on that basis the allegations are DENIED.
17. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(D), and on that basis the allegations are DENIED.
18. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(E)(1), and on that basis the allegations are DENIED.
19. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(E)(2), and on that basis the allegations are DENIED.
20. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(E)(3), and on that basis the allegations are DENIED.
21. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(E)(4), and on that basis the allegations are DENIED.
22. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(F)(1), and on that basis the allegations are DENIED.
23. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(F)(2), and on that basis the allegations are DENIED.
24. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VII(G), and on that basis the allegations are DENIED.
25. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII, and on that basis the allegations are DENIED.
26. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(A), and on that basis the allegations are DENIED.
27. The allegations in paragraph VIII(B) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.
28. The allegations in paragraph VIII(B)(1) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.
29. The allegations in paragraph VIII(B)(2) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.

30. The allegations in paragraph VIII(B)(3) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.
31. The allegations in paragraph VIII(B)(4) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.
32. The allegations in paragraph VIII(B)(5) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.
33. The allegations in paragraph VIII(B)(6) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.
34. The allegations in paragraph VIII(B)(7) are ADMITTED to the extent that Fontes voluntarily dismissed (with prejudice) the following federal matter related to the conditions of confinement: Fontes v. Kettle, et al (D.R.I. 1:16-cv-00419-WES-PAS). To the extent that this paragraph contains any additional allegations, they are DENIED.
35. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(C), and on that basis the allegations are DENIED.
36. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D), and on that basis the allegations are DENIED.
37. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D)(1), and on that basis the allegations are DENIED.
38. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D)(2), and on that basis the allegations are DENIED.
39. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D)(3), and on that basis the allegations are DENIED.
40. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D)(4), and on that basis the allegations are DENIED.
41. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D)(5), and on that basis the allegations are DENIED.
42. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D)(6), and on that basis the allegations are DENIED.
43. State Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph VIII(D)(7), and on that basis the allegations are DENIED.

**WHEREFORE**, State Defendant prays that the Complaint is denied and dismissed.

**AFFIRMATIVE DEFENSES**

**First Affirmative Defense**
**(Failure to State a Claim)**

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Plaintiff's Complaint fails to allege facts sufficient to show that Plaintiff is entitled to recover any damages as against the State.

**Second Affirmative Defense**
**(Sovereign Immunity)**

The State has the benefit of its status as sovereign, together with all privileges and immunities that inure to said sovereign status. The State has the benefit of all expressed and implied exceptions to the waiver of sovereign immunity.

**Third Affirmative Defense**
**(Tort Cap)**

To the extent the State is not immune and is held liable for damages, which liability is expressly denied, the monetary limitations on damages set forth in State law, including R.I. Gen. Laws § 9-1-1, *et seq.* should apply to the State and State officials.

**Fourth Affirmative Defense**
**(Qualified Immunity)**

At all times material to the matters alleged in the Complaint, the State, its officers, agents, and employees, were in the exercise of due care and had in good faith duly fulfilled any and all duties owed to Plaintiff if, in fact, any duties were owed. Thus, the State acted reasonably and in good faith and did not violate any clearly established law and, therefore, is entitled to qualified immunity.

**Fifth Affirmative Defense**
**(Absence of fraud, willful misconduct, or actual malice)**

The acts or omissions of the State were not a conscious disregard of Plaintiff's needs or rights; were not intentional and willful and did not constitute actual fraud, willful misconduct, or actual malice and were not in violation of Federal or State law.

**Sixth Affirmative Defense**
**(Superseding and intervening cause)**

The State asserts that the alleged injuries Plaintiff sustained were neither caused by nor contributed to, either directly or indirectly, by any acts or omissions of the State but said injuries and/or damages, if any, were the result of the superseding and intervening acts or omissions of

persons or entities other than the State for which acts or omissions the State is neither liable nor responsible.

**Seventh Affirmative Defense**
**(Failure to mitigate)**

The State asserts any and all applicable defenses to Plaintiff's failure to mitigate the alleged injuries or damages.

**Eighth Affirmative Defense**
**(Failure to exhaust administrative remedies)**

The State asserts any and all applicable defenses to Plaintiff's failure to exhaust administrative remedies, including but not limited to the exhaustion requirements of the Prison Litigation Reform Act, 42 U.S.C. § 1997e.

**Nineth Affirmative Defense**
**(Public Duty Doctrine)**

The State is immune from liability under the Public Duty Doctrine.

**Tenth Affirmative Defense**
**(Absence of a legal duty)**

The State asserts the defense of no duty owed to the Plaintiff, and in the alternative, that the State has met any duty imposed on it under law.

**Eleventh Affirmative Defense**
**(Claims dismissed)**

On July 28, 2021, the Court granted in part and denied in part State Defendants' Motion to Dismiss and ordered multiple parties and claims dismissed. The State asserts that the following claims have been dismissed: Plaintiff's claims of "sexual harassment" as to all defendants; Plaintiff's claim of "retaliation" as to Defendant Aceto; Plaintiff's claims of "harassment" and "gender discrimination" as to all defendants.

**Twelfth Affirmative Defense**
**(Reserved)**

The State reserves any and all rights to amend this pleading and to bring, assert, or plead any and all applicable affirmative defenses that may be revealed through discovery or that may otherwise become known during the pendency of this litigation.

**JURY DEMAND**

The State requests a trial by jury on all issues so triable.

**WHEREFORE**, the State prays that the Complaint be dismissed; that judgment enters in favor of the State; and such other relief as is lawful and proper.

Respectfully submitted,

STATE DEFENDANT,
By:

PETER F. NERONHA
ATTORNEY GENERAL

*/s/Justin J. Sullivan*

Justin J. Sullivan (#9770)
Special Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
150 South Main St. Providence, RI 02903
Tel: (401) 274-4400 | Ext. 2007
Fax: (401) 222-2995
jjsullivan@riag.ri.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on Monday, August 30, 2021 I filed the within document via the ECF filing system and that a copy is available for viewing and downloading. I further certify that on Monday, August 30, 2021 I mailed a true and accurate copy of the within document via U.S. First Class mail, postage prepaid, to the following:

Courtney Scott Fontes (state prisoner #138328)
Adult Correctional Institute
PO Box 8273
Cranston, RI 02920

*/s/Justin J. Sullivan*